[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS
1. The marriage of the parties was dissolved on July 9, 1996, and the parties are to share joint legal custody of their minor child, Rose (dob March 11, 1991), physical residence to be with the plaintiff. The court expressly retained jurisdiction to determine the defendant's visitation rights.
2. The minor child and the defendant enjoy a very close relationship, and it is in her best interests for that relationship to continue, including overnight visitations with the defendant.
3. In the past the defendant has been a regular and substantial user of marijuana. During those periods his use of that illegal drug has caused him to behave in ways that would not be in the best interests of the minor child during her time with the defendant. The defendant's claim that he has ended his marijuana use is not sufficiently documented.
ORDERS
1. The defendant shall have overnight visitation with the minor child on Wednesdays and Thursdays, picking her up promptly at the end of school and returning her on time to school on the following morning. Likewise, the defendant shall have overnight visitation on Friday evening, picking up the minor child promptly after school and dropping her off at her residence with the plaintiff by 11:45 a.m. on Saturday. The defendant shall inform himself of the minor child's school hours.
2. During school vacation periods the defendant's visitation shall continue through Thursdays and Fridays. CT Page 6110
3. Each parent shall have unrestricted telephone access at reasonable hours of the day and night to the minor child while she is with the other parent and not after 8:30 p. m. or one-half hour before her regular bedtime.
4. The parties shall mediate with the assistance of the family services office further visitation between the defendant and the minor child, including holiday and vacation arrangements.
5. Beginning immediately and continuing through January 1997, the defendant shall participate in random drug testing with the Counseling Center of Waterbury, 563 Wolcott St., Waterbury; Edward Edgar, Director. The defendant shall contact Mr. Edgar promptly upon receipt of this order. Such testing shall occur at the counseling center or at any other location established by its director not less frequently than every other week and it shall be done under the supervision of Mr. Edgar or his designee. The defendant shall execute the necessary results so that the releases of said drug testing shall be provided to counsel for both parties and the family services office. No overnight visitation other than in this order shall be ordered between the defendant and the minor child until the defendant has had five consecutive negative test results through this agency. The cost of this testing shall be borne by the defendant
SHORTALL, J.